IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONIQUE GILES,<br>　　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-6713 |
| | : | |
| STATE OF PENNSYLVANIA, *et al.*,<br>　　　Defendants. | : | |

## MEMORANDUM

**GALLAGHER, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**FEBRUARY 27, 2025**

Monique Giles filed this civil action against several individuals, governmental entities, and a hospital system. Giles also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Giles' application to proceed *in forma pauperis* and dismiss the Complaint in its entirety without prejudice but will permit Giles the opportunity to file an amended complaint.

**I.　　FACTUAL ALLEGATIONS**[1]

Giles's allegations are brief. She asserts that "for several years" she has been experiencing "discrimination based on color," slander, libel, and harassment by the City of Easton and Wilson Borough, as well as "constant stalking/bullying/harassment" by unspecified neighbors. (Compl. at 3.) She has filed complaints about these issues with the Attorney General's Office and other unspecified entities. (*Id.*) She seeks to assert claims against the Commonwealth of Pennsylvania, the City of Easton, Wilson Borough, St. Luke's Health

---

[1] The factual allegations set forth in this Memorandum are taken from the Complaint (ECF No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Network ("St. Luke's"), Mayor Sal Panto, and Heather McTigue.[2] Other than the conclusory allegation about the City of Easton and Wilson Borough, she does not explain how the Defendants discriminated against her. She seeks an unspecified amount of punitive damages. (*Id*. at 4.)

## II.   STANDARD OF REVIEW

The Court grants Giles leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Giles is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Giles provides the address of St. Luke's for Defendant McTigue. The Court understands Giles to allege that McTigue is an employee of St. Luke's.

Also, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.  DISCUSSION

Because Giles asserts she suffered discrimination and harassment, the Court understands her to be asserting constitutional claims against the named Defendants. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

#### A.  Claims Against the Commonwealth of Pennsylvania

Giles names as a Defendant the Commonwealth of Pennsylvania. States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S.

58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, the claims for money damages Giles seeks to assert against the Commonwealth of Pennsylvania are dismissed with prejudice.

### B. Personal Involvement and State Action Requirement

Giles asserts that she "[has] been a victim of discrimination, slander/libel, harassment" and that she has filed "a complaint against the City of Easton/Wilson borough for harassment/Discrimination against [her]." (Compl. at 3.) Beyond these conclusory statements, however, Giles does not specify the basis for her claims of harassment and discrimination and, accordingly, they are not plausible. *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted). Giles also does not allege how any of the other named Defendants were personally involved in an act that violated her civil rights. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

Further, in order to state a claim against a municipality like the City of Easton and Wilson Borough under § 1983, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Giles does not allege that any municipal policy or custom was the moving force behind a constitutional injury she suffered and therefore her claims against the City of Easton and Borough of Wilson are not plausible.

Finally, St. Luke's and McTigue do not appear to be "state actors" subject to liability under § 1983 for constitutional violations. Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit Court of Appeals has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Nothing in the Complaint suggests that either St. Luke's or Heather McTigue is a state actor; indeed, the Complaint does not allege any facts pertaining to the conduct of these Defendants that would indicate they were state actors under the three tests outlined by the Third Circuit.³  Accordingly, the claims against St. Luke's and McTigue are also dismissed with leave to amend if Giles can allege additional facts from which the Court can infer that they are state actors.

### C. State Law Claims

Giles also mentions state law claims for slander and libel.  Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*,

---

³ Courts in this Circuit and other circuits consistently hold that private health care companies are generally not state actors. *See Pennsylvania Informed Consent Advocs. Inc. v. Univ. of Pennsylvania Health Sys.*, No. 21-4415, 2022 WL 2316648, at *3 (E.D. Pa. June 28, 2022) quoting *Beckerich v. St. Elizabeth Med. Ctr.*, 2021 WL 4398027, at *3 (E.D. Ky. Sept. 24, 2021) ("Private hospitals, no matter how much federal funding they may receive, are generally not state actors for purposes of constitutional questions."); accord *Hall v. Horizon House*, 414 F. Supp. 3d 720, 722 (E.D. Pa. 2019) (collecting cases showing medical facilities are not made state actors by receipt of government funding or imposition of government licensing and regulation).

592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Giles does not allege the citizenship of the parties. (*See* Compl. at 3.) Rather, she provides only Pennsylvania addresses for herself and the Defendants, which suggests that she and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Giles has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue.

## IV. CONCLUSION

For the reasons stated, the Court will dismiss the Complaint. The claim for money damages against the Commonwealth will be dismissed with prejudice and the balance of the claims will be dismissed without prejudice and with leave to amend. An appropriate Order with additional information about amendment will be entered separately.

BY THE COURT:

*/s/ John M. Gallagher*

JOHN M. GALLAGHER
United States District Court Judge